UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD LEE,

                            Petitioner,

        v.

GILBERT,

                            Respondent.

Case No. C17-1006 RAJ-BAT

**REPORT AND
RECOMMENDATION**

Petitioner Donald Lee filed a federal habeas petition under 28 U.S.C. § 2254. Dkt. 8. On July 21, 2017, the Court declined to serve the petition because this is Mr. Lee's third habeas petition in this Court regarding the same conviction. Dkt. 9. However, because it was not entirely clear what relief petitioner was seeking, the Court provided Mr. Lee with an opportunity to file an amended petition setting the factual basis for his grounds for relief, showing that his grounds for federal relief have not previously been adjudicated, that his petition is timely, and otherwise showing cause why this matter should not be dismissed or transferred to the Ninth Circuit. *Id.* Mr. Lee filed an amended petition on August 3, 2017. Dkt. 10. It is a successive petition.

## DISCUSSION

The Court's records indicate that this is Mr. Lee's third federal habeas petition. In C14-5309-RSL, Mr. Lee sought relief from his 2012 Snohomish County Superior Court

judgment and sentence. The Court dismissed Mr. Lee's habeas petition with prejudice and denied a certificate of appealability. See Dkts. 40, 42, and 43 in C14-5309-RSL. The Ninth Circuit also denied a certificate of appealability. *See* Dkt. 49 in C14-5309-RSL. In Case No. C15-1723-JLR, the court transferred Mr. Lee's second federal habeas petition to the Ninth Circuit as successive. *See* Dkt. 12 in C15-1723-JLR.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id.* The petitioner must make a prima facie showing that the application satisfies the requirements of 28 U.S.C. § 2244(b). *Id.* If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.

The Court denied Mr. Lee's first petition with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. Mr. Lee has failed to show that his present petition is not subject to § 2244(b). Accordingly, this Court should transfer the petition to the

Ninth Circuit for consideration as an application for leave to file a successive petition. *See* Ninth Circuit Rule 22-3(a).

**CONCLUSION**

The Court recommends that this petition be transferred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed.

Any objections to this Recommendation must be filed and served upon all parties no later than **Thursday, August 24, 2017.** The Clerk should note the matter for **Monday, August 28, 2017,** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this <u>4th</u> day of August, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge